IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| ANITA CAROLE AUGHNAY, | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:19-CV-2607-CC |
| JOHN AYERS STARR and FIRST | : | |
| PARTY ADMINISTRATOR, LLC, | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Entry of Default Judgment [Doc. No. 8] and Defendants' Motion to Set Aside Entry of Default [Doc. No. 9]. For the reasons stated herein, the Court **GRANTS** the Motion to Set Aside Default [Doc. No. 9] and **DENIES as moot** Plaintiff's Application for Entry of Default Judgment [Doc. No. 8].

### I. BACKGROUND

#### A. Factual Allegations

Plaintiff Anita Carole Aughnay ("Plaintiff" or "Ms. Aughnay") and Defendant John Ayers Starr ("Mr. Starr") were previously involved in a romantic relationship. During the relationship, Mr. Starr and his company, Defendant First Party Administrator, LLC, received a total of $430,500.00 from Ms. Aughnay. These funds are the focus of this case.

On the first occasion that Ms. Aughnay provided money that is at issue in this litigation, Mr. Starr executed a promissory note in favor of Ms. Aughnay in the original amount of $170,000.00. Subsequent to that transaction, there were a series of eight additional transfers of funds from Ms. Aughnay to Defendants in the total principal amount of $260,500.00. Ms. Aughnay contends that the additional transactions were oral loans, whereas Defendants contend that the additional transactions were gifts that Ms. Aughnay made during a time when Mr. Starr was caring for Ms. Aughnay after she suffered a debilitating, spinal cord injury. Mr. Starr complained to Ms. Aughnay that his business was suffering due to the amount of time he was spending caring for Ms. Aughnay, and Mr. Starr maintains that Ms. Aughnay gifted him the funds as an expression of her gratitude for the time he was dedicating to her care. Ms. Aughnay claims she gave him the $260,500.00 under duress and that she would not have made these additional loans had Mr. Starr not exerted control and influence over her. Mr. Starr and Ms. Aughnay are no longer a couple, and this case arises from their dispute regarding whether these transactions were loans or gifts.

B.   <u>Procedural History</u>

On June 7, 2019, Ms. Aughnay commenced this action against Defendants alleging claims for declaratory judgment, breach of contract based on the promissory note, and breach of contract based on the oral loans. (Doc. No. 1.)

Plaintiff alternatively brings claims for rescission, unjust enrichment, money had and received, and promissory estoppel. (Id.) These alternatively-pled claims all relate to the oral loans. (Id.) Plaintiff finally alleges a separate claim for costs, expenses, and attorneys' fees. (Id.)

Plaintiff served the Summonses and Verified Complaint upon Defendants on June 11, 2019, making their responsive pleadings due no later than July 2, 2019. (Doc. Nos. 5, 6.) No responsive pleadings having been filed, Plaintiff moved the Clerk for entry of default against Defendants on July 3, 2019. (Doc. No. 7.) The Clerk entered default on July 3, 2019, and Plaintiff moved for entry of default judgment immediately thereafter. (Doc. No. 8.)

On July 15, 2019, Defendants filed a Motion to Set Aside Entry of Default and Response in Opposition to Plaintiff's Application for Default Judgment. (Doc. No. 9.) All matters have been fully briefed and are ripe for resolution by the Court.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The defaulting party bears the burden of establishing good cause. Sherrard v. Macy's Sys. and Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018). Good cause is a mutable standard that varies from case to case. Id. Courts generally consider several factors in determining whether "good cause" has been shown, including whether the

default was culpable or willful, whether the defaulting party acted promptly to correct the default, whether setting aside the default would prejudice the defaulting party's adversary, and whether the defaulting party presents a meritorious defense. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations omitted); see also Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975). "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania, 88 F.3d at 951-52 (citation omitted).

The Eleventh Circuit views default with disfavor and strongly prefers to determine cases on their merits. Sherrard, 724 F. App'x at 738 (citation omitted); Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). A motion made pursuant to Rule 55(c) is addressed to the sound discretion of the trial court. See McGrady v. D'Andrea Elec., Inc., 434 F.2d 1000, 1001 (5th Cir. 1970).

## III. ANALYSIS

### A. Culpability or Willfulness

Defendants were not completely innocent in not timely responding to the Verified Complaint, but they did not culpably or willfully default or intend to evade or ignore the proceedings. There is no dispute that Mr. Starr was continually in contact with Plaintiff's counsel to discuss the possibility of

settlement both before and after the Summonses and Verified Complaint were served. There likewise is no dispute that, on July 2, 2019, the date responsive pleadings were due, Mr. Starr requested from Plaintiff's counsel an extension through July 19, 2019, to respond. Plaintiff's counsel rejected the request on the morning of July 3, 2019, and Mr. Starr retained counsel to represent Defendant First Party Administrator and him on July 5, 2019.

While attempting to negotiate potential resolution of the parties' dispute, Defendants should have been simultaneously preparing to litigate and to respond timely to the Verified Complaint, but their failure to do so does not reflect an intent to disregard the court proceedings. Rather, Mr. Starr claims he believed that he and Defendant First Party Administrator had thirty (30) days to respond to the Verified Complaint, and Defendants apparently were also trying to avoid the expense of prematurely retaining counsel and litigating. Mr. Starr's mistaken belief that he had thirty (30) days to respond was not reasonable, given that each Summons expressly stated that the response period was twenty-one (21) days. Still, as soon as Defendants became aware that the case was not going to settle and that Plaintiff was not going to agree to what the Court believes was a reasonable request for an extension of time, Defendants moved swiftly to retain counsel and to respond to the Verified Complaint.

All things considered, the Court finds that Defendants were negligent in how they proceeded after receiving the Summonses and Verified Complaint but that their negligence does not constitute the willful or culpable conduct necessary for a default. Defendants should have reviewed the Summonses more carefully to note the correct deadline for a response, and Defendants should have engaged counsel sooner to respond to the Verified Complaint, particularly since settlement negotiations did not appear to be productive. However, Defendants' conduct did not rise to the level of willfully disregarding their obligations to respond to the Verified Complaint in a timely manner, and they were clear about their intent to defend against the allegations. As such, this factor favors setting aside the default.

B. Prompt Correction of Default

The Court likewise finds that Defendants moved quickly to correct the default, making the delay between the entry of default and the filing of the motion to set aside the default minimal. The Court entered default on July 3, 2019. Defendants moved the Court to set aside the default within two weeks of the deadline to respond to the Verified Complaint and only twelve days following the entry of default. Under these circumstances, the Court finds that this factor supports setting the default aside. See, e.g., Joe Hand Promotions, Inc. v. Allen, No. CV 118-127, 2018 WL 5087233, at *2 (S.D. Ga. Oct. 18, 2018) (finding that moving to set aside an entry of default within two weeks was prompt); Auto.

Protection Corp. v. NBA Auto., Inc., No. 1:18-cv-00620, 2018 WL 6164335, at *2 (N.D. Ga. Apr. 25, 2018) (holding that a motion to set aside an entry of default within fourteen days of the clerk's entry of default was prompt).

C. Prejudice

The Court next finds that setting aside the default will not prejudice Ms. Aughnay. "In deciding whether to set aside a default, delay alone is an insufficient basis for establishing prejudice. Rather, there must be a showing that the delay will result in the loss of evidence, create increased discovery difficulties, or provide greater opportunities for fraud and collusion." Saperstein v. Palestinian Auth., No. 04-20225-CIV, 2008 WL 4467535, at *13 (S.D. Fla. Sept. 29, 2008); see also Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990) ("To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."). The Court's focus is on prejudice that results from delay, not prejudice in the form of having to continue to litigate. See Sherrard, 724 F. App'x at 738.

Ms. Aughnay has not shown how she would be prejudiced if the default is set aside. She argues that Defendants have no meritorious defense, but the Court disagrees with Ms. Aughnay's analysis of this separate factor, as explained below. As to the prejudice factor itself, Plaintiff has not shown that Defendants' slight delay has resulted in the loss of evidence. Discovery has not yet begun in the case,

and Plaintiff has not pointed to any complications that will arise in discovery that are a consequence of the delay.

D. Meritorious Defense

With respect to the issue of a meritorious defense, "a defendant need only show a 'hint of a suggestion' to meet the requisite standard of a meritorious defense." Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)). A defaulting party must set forth more than bald assertions or general denials, Sherrard, 724 F. App'x at 739, but the defaulting party does not need to prove his entire defense, Double Eagle Club, Inc. v. BG Capital Mgmt. S. Fla., LLC, CV 117-073, 2018 WL 5087225, at *2 (S.D. Ga. Oct. 18, 2018).

Here, Defendants present a statute of frauds defense and several fact-intensive defenses, including that the "oral loans" were actually gifts and that Ms. Aughnay was not under duress when she caused money to be transferred to Defendants. In addition to contesting the viability of the statute of frauds defense, Plaintiff claims Defendants have failed to present specific facts that explain Mr. Starr's own reference to the transactions as loans in prior text messages to Ms. Aughnay. However, Defendant Starr has provided a declaration attesting to his characterization of the transactions, and Defendant Starr ultimately will have to

explain any contradictory evidence as the litigation proceeds. For purposes of the current procedural posture of the case, the defenses are sufficient to support a resolution of the case on the merits.

Additionally, Mr. Starr states that, on January 11, 2019, he made his obligations current on the October 2015 Note with a payment of $21,675.00 to Ms. Aughnay. He further states that he has continued to make payments on the October 2015 Note. Thus, Mr. Starr also has raised a colorable defense that Ms. Aughnay is not entitled to all the relief she demands in the Verified Complaint.

E. <u>Alternative Request for Attorneys' Fees and Costs</u>

Plaintiff alternatively requests that the Court award her reasonable attorneys' fees and costs incurred in connection with the motion practice related to the default. The parties agree that the Court possesses discretion to condition setting aside a default on the payment of the non-defaulting party's attorneys' fees and costs. <u>Intercontinental Hotels Grp., Inc. v. Weis Builders, Inc.</u>, No. 1:06-CV-1213-WSD, 2007 WL 2705559, at *3 (N.D. Ga. Sept. 12, 2007). Because Defendants did not carefully review the Summonses and they made a strategic choice not to engage counsel sooner, the Court will order Defendants to reimburse Plaintiff her attorneys' fees and costs incurred in connection with the application seeking entry of default and the filing of the response in opposition to Defendants' Motion to Set Aside Entry of Default. However, Plaintiff's Application for Entry of Default

9

Judgment was deficient and would have been denied without prejudice, even if Defendants had never appeared.[1] Therefore, the Court will not require Defendants to reimburse Plaintiff for attorneys' fees and costs incurred with the application for default judgment.

The Court encourages the parties to confer in good faith regarding the amount of attorneys' fees and costs due to Plaintiff. Should a dispute arise between the parties as to the amount Plaintiff is due, Plaintiff's counsel shall file with the Court an affidavit detailing all reasonable attorneys' fees and costs incurred by Plaintiff in connection with the entry of default and the filing of the response in opposition to Defendants' Motion to Set Aside Entry of Default. Defendants shall then have fourteen (14) days to respond, and Plaintiff will have seven (7) days to reply.

## IV. CONCLUSION

Considering the totality of the circumstances and the Eleventh Circuit's policy that favors deciding cases on the merits, the Court **GRANTS** Defendants' Motion to Set Aside Entry of Default [Doc. No. 9] and **DENIES as moot** Plaintiff's

---

[1] The hurriedly-filed application is not accompanied by a memorandum of law, as required by Local Rule 7.1(A)(1), and contains no discussion or analysis of the elements of each cause of action and how the allegations of the Verified Complaint, deemed true by virtue of Defendants' default, satisfy the elements for each of the causes of action as to each of the Defendants. See, e.g., Hi-Tech Pharms., Inc. v. Wyant, CIVIL ACTION NO. 1:16-CV-0639-AT, 2016 WL 11611842, at *1-2 (N.D. Ga. Sept. 1, 2016); Francis v. Teague, CIVIL ACTION NO. 1:07-CV-1274-CC, 2008 WL 11322911, at *1 (N.D.Ga. July 14, 2008).

Application for Entry of Default Judgment [Doc. No. 8]. The Clerk's entry of default on July 3, 2019, is **SET ASIDE**, and Defendants shall respond to the Verified Complaint within **ten (10) days** of the entry of this Order.

It is **FURTHER ORDERED** that Plaintiff's alternative request that Defendants reimburse Plaintiff attorneys' fees and costs incurred by Plaintiff as a result of Defendants' default is **GRANTED in part** and **DENIED in part**, as set forth above.

SO ORDERED this <u>31st</u> day of <u>December</u>, 2019.

<u>s/ CLARENCE COOPER</u>
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE